# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>SEAN PAUL BAKER,<br><br>  Defendant. | Case No. CR-22-034-RAW |

### ORDER

The Defendant has been charged in this case with the sexual abuse of his step-daughter D.P. He is specifically charged with two counts of aggravated sexual abuse in Indian Country on or about February 6, 2015, in violation of 18 U.S.C. §§ 2241(c), 2246(2)(B) and (C), 1151, and 1153 before she had attained the age of 12 years, and one count of sexual abuse of a minor in Indian Country on or about February 6, 2021, in violation of 18 U.S.C. §§ 2243(a), 2246(2)(D), 1151, and 1153 after she had attained the age of 12 years but before she had attained the age of 16 years.

Now before the court is the Defendant's motion in limine [Docket No. 40], the Government's combined response and notice of intent to admit Rule 404(b) evidence [Docket No. 41], and the Defendant's objection to the Government's Rule 404(b) notice [Docket No. 43]. The Defense moves to preclude Rule 404(b) evidence, reputation testimony, questions asking whether the Defendant or Defense witnesses are truthful or untruthful, and any other evidence not timely provided in discovery.

In response to the Defendant's motion, the Government filed its notice of intent to admit evidence of other crimes, wrongs, or acts under Rule 404(b).  Under Rule 404(b), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1).  Nevertheless, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).  To determine whether such evidence is proper, the court applies the four-part *Huddleston* test:

> (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Fed. R. Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted.

*United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000) (citations omitted).

The Government states that it intends to introduce evidence that the Defendant was convicted of driving under the influence in August of 2012.  The Government argues that since D.P. is expected to testify that the Defendant becomes violent when drunk, this conviction is probative to prove the Defendant's intent, identity, absence of mistake, and/or lack of accident.  While arguably offered for a proper purpose and relevant, and while evidence of the Defendant's DUI may not be *substantially* outweighed by its potential for unfair prejudice, the court does not believe that evidence of the Defendant's DUI is necessary for the Government to prove its case.  At this time, the Defendant's motion is granted as to the DUI.  The Government may re-urge this at trial.

The Government also states that it intends to introduce testimony of D.P. that the Defendant is violent, breaks walls, and throws things while drunk and argues that this testimony

is admissible to prove the Defendant's intent, identity, absence of mistake, and/or lack of accident. The Government argues that this testimony relates to D.P.'s fear that the Defendant would physically harm her if she were to disclose the abuse and is relevant to combat argument by the defense about the delay in her disclosure. The court finds that evidence of the Defendant's violence while drunk *in the presence of D.P.* is offered for a proper purpose and is relevant and that the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice. Of course, upon request, the court will instruct the jury that this evidence is to be considered only for the proper purpose for which it was admitted and for no other purpose. The Defendant's motion is denied as to this evidence.

As to the Defendant's motion relating to reputation testimony, questions asking whether the Defendant or Defense witnesses are truthful or untruthful, and any other evidence not timely provided in discovery – the Government states that it does not intend to elicit reputation testimony or to ask if witnesses are lying and that it has provided all discovery within its possession to the Defense and will continue to comply should any new discovery become available. The motion is moot as to these issues.

The motion [Docket No. 40] is granted in part, denied in part, and moot in part as stated above.

**IT IS SO ORDERED** this 10th day of November, 2022.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**