# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>SEAN PAUL BAKER,<br><br>    Defendant. | Case No. CR-22-034-RAW |

## ORDER

    The Defendant has been charged in this case with the sexual abuse of his step-daughter D.P. He is specifically charged with two counts of aggravated sexual abuse in Indian Country on or about February 6, 2015, in violation of 18 U.S.C. §§ 2241(c), 2246(2)(B) and (C), 1151, and 1153 before she had attained the age of 12 years, and one count of sexual abuse of a minor in Indian Country on or about February 6, 2021, in violation of 18 U.S.C. §§ 2243(a), 2246(2)(D), 1151, and 1153 after she had attained the age of 12 years but before she had attained the age of 16 years.

    Now before the court are the Defendant's motion to exclude the Government's proposed expert testimony [Docket Nos. 52 and 53] and the Government's response thereto, as well as the related Defendant's second motion in limine [Docket No. 55] and the Government's response thereto [Docket No. 58]. The Defense moves to preclude expert testimony by Andrea Hamilton and Dr. Christine Beeson, arguing that the notices are insufficient and the proposed testimony is inadmissible under Rules 702 and 403. Neither expert has been involved with or reviewed any treatment of the alleged victim in this case.

The Government's notice of intent to offer expert witness includes Ms. Hamilton's 7-page CV and Dr. Beeson's 13-page CV.  The notice itself details the testimony anticipated by each.  Ms. Hamilton is anticipated to testify as to, *inter alia*, disclosure, delayed disclosure, and grooming; Dr. Beeson as to, *inter alia*, the process of SANE exams generally.  The court finds that the notices are sufficient, the testimony is admissible under Rule 702, and the probative value is not substantially outweighed by the risk of unfair prejudice, confusing the issues, or misleading the jury.

In its second motion in limine, the Defense moves to preclude testimony about offender and victim profiles and characterization of D.P.'s statements as "disclosures," of Mr. Baker's behavior as "grooming," and of D.P. as a "victim."

The Government first states that it does not intend to introduce evidence of specific offender profiles.  It intends to illicit testimony related to: "the effect of an offender being within the home of a victim; techniques utilized by offenders to gain the trust of a victim; techniques an offender may use to isolate, coerce, and control the victim; and the effect an offender's position of authority, or position within a family, may have on a victim's ability to disclose."  The Government argues that this testimony will assist the jury in understanding how an offender establishes a relationship with a victim and how that relationship may influence the victim's ability to disclose sexual abuse.  The Government further argues that this testimony is highly probative, and the Defendant has failed to show any risk of unfair prejudice.  The court agrees.[*]

With regard to the victim characteristics, the Government correctly points out that the Tenth Circuit has held that qualified experts may testify in child sexual abuse cases concerning

---

[*] "Expert testimony on grooming can be admissible to explain the '*modus operandi* of sex offenders.  The methods sex offenders use are not necessarily common knowledge.'" *United States v. Isabella*, 918 F.3d 816, 845, n. 26 (10th Cir. 2019) (citing *Batton*, 602 F.3d at 1202).

the characteristics of sexually abused children generally and describe the characteristics the alleged victim exhibits.  *See United States v. Charley*, 189 F.3d 1551, 1264-65 (10th Cir. 1999). Additionally, courts routinely conclude that such testimony is "beyond the ken of the average juror."  *United States v. Heller,* No. 19-cr-00224-PAB, 2019 WL 5101472, at *2 (D. Colo. Oct. 11, 2019); *United States v. Perrault*, No. 17-02558-MV-1, 2019 WL 1024284, at *4 (D.N.M. Mar. 4, 2019).

The Defendant also seeks to exclude use of the terms "disclosure," "grooming," and "victim."  The Government states that these terms will be used sparingly at trial, but correctly notes that each of these terms is relevant to the field of child sexual abuse.  Additionally, the Defendant has not shown that use of these terms would result in any unfair prejudice.

The Defendant's motion to exclude the Government's proposed expert testimony [Docket Nos. 52 and 53] and the Defendant's second motion in limine [Docket No. 55] are DENIED.

**IT IS SO ORDERED** this 15th day of November, 2022.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**