# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SEAN PAUL BAKER, <br><br> Defendant. | Case No. CR-22-034-RAW |

## **ORDER**

The Defendant has been charged in this case with the sexual abuse of his step-daughter D.P. He is specifically charged with two counts of aggravated sexual abuse in Indian Country on or about February 6, 2015, in violation of 18 U.S.C. §§ 2241(c), 2246(2)(B) and (C), 1151, and 1153 before she had attained the age of 12 years, and one count of sexual abuse of a minor in Indian Country on or about February 6, 2021, in violation of 18 U.S.C. §§ 2243(a), 2246(2)(D), 1151, and 1153 after she had attained the age of 12 years but before she had attained the age of 16 years.

Now before the court is the Government's motion in limine to preclude certain evidence pursuant to Federal Rules of Evidence 412, 401, 402, 403, 801, and/or 802. Specifically, the Government moves to preclude the introduction of four YouTube clips made by the alleged victim in this case that are sexual in nature. The Government argues that the clips would be offered only as evidence of the alleged victim's sexual predisposition.

Rule 412(a) prohibits the use of: "(1) evidence offered to prove that a victim engaged in other sexual behavior; or (2) evidence offered to prove a victim's sexual predisposition." Fed.R.Evid. 412(a). Rule 412(b)(1) provides the following exceptions whereby a court *may*

admit such evidence in a criminal case: "(A) evidence of specific instances of a victim's sexual behavior, if offered to prove that someone other than the defendant was the source of semen, injury, or other physical evidence; (B) evidence of specific instances of a victim's sexual behavior with respect to the person accused of the sexual misconduct, if offered by the defendant to prove consent or if offered by the prosecutor; and (c) evidence whose exclusion would violate the defendant's constitutional rights." Fed.R.Evid. 412(b)(1).

Defendant argues that he does not seek to introduce the videos to establish the alleged victim's sexual predisposition, but to show that she "is a talented storyteller who, a year prior to this outcry, told fictional accounts of sexual behavior with elements of the story reflected in a later outcry." The videos, which the court has viewed and determined are sexual in nature, fall squarely within the confines of Rule 412. It is also clear despite the Defendant's arguments that the first two exception under Rule 412(b) are not applicable here. Moreover, exclusion of this evidence does not violate the defendant's constitutional rights. *See United States v. A.S.*, 939 F.3d 1063, 1073 (10th Cir. 2019) ("the class of cases in which evidence otherwise barred by the rape shield statute has been deemed to be constitutionally compelled is restricted to those which demonstrate a theory of witness bias or motive to lie.") (citation omitted).

Additionally, the court notes that to the extent the videos are relevant, their probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury. The Government's motion [Docket No. 61] is hereby GRANTED.

**IT IS SO ORDERED** this 17th day of November, 2022.

_____
THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA