# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>SEAN PAUL BAKER,<br><br>  Defendant. | Case No. CR-22-034-RAW |

## ORDER

The Defendant was charged in this case with the sexual abuse of his stepdaughter D.P. Trial commenced on March 6, 2023, and on March 8, 2023, the Defendant was convicted by a jury on all three counts of the Indictment, including two counts of aggravated sexual abuse in Indian Country of D.P. on or about February 6, 2015, before she had attained the age of 12 years, in violation of 18 U.S.C. §§ 2241(c), 2246(2)(B) and (C), 1151, and 1153, and one count of sexual abuse of a minor in Indian Country on or about February 6, 2021, after D.P. had attained the age of 12 years but before she had attained the age of 16 years, in violation of 18 U.S.C. §§ 2243(a), 2246(2)(D), 1151, and 1153.

Now before the court is the Defendant's post-conviction motion for judgment of acquittal notwithstanding the verdict pursuant to Federal Rule of Criminal Procedure 29, or in the alternative, motion for new trial pursuant to Federal Rule of Criminal Procedure 33 [Docket No. 144], the Government's response in opposition [Docket No. 148], and the Defendant's reply thereto [Docket No. 149]. The motion was timely filed on March 22, 2023. Fed. R. Crim. P. 29(c)(1) and 33(b)(2). The Defendant argues that his motion should be granted because (1) there

was insufficient evidence to convict him on all counts; (2) the court erred in excluding evidence pursuant to Federal Rule of Evidence 412; (3) the court erred in allowing Tyler Sands to testify as an expert; and (4) the Government's closing argument about evidence that was not admitted at trial was prejudicial.

### **Motion for Judgment of Acquittal**

Rule 29 permits a defendant to renew a motion for a judgment of acquittal within fourteen days after a guilty verdict, which the Defendant has done by the instant motion. Fed. R. Crim. P. 29(c)(1). Upon this motion, the court may set aside the verdict and enter an acquittal. Fed. R. Crim. P. 29(c)(2). The court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a).

In reviewing the sufficiency of the evidence presented at trial, the court views "the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the government." *United States v. Hale*, 762 F.3d 1214, 1222 (10th Cir. 2014). The court will grant a motion for a judgment of acquittal "only if no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. at 1222-23 (citation omitted). In making this determination, the court "may neither weigh conflicting evidence nor consider the credibility of witnesses. It is for the jury, as the fact finder, to resolve conflicting testimony, weigh the evidence, and draw inferences from the facts presented." *United States v. Dewberry*, 790 F.3d 1022, 1028 (10th Cir. 2015) (citing *United States v. McKissick*, 204 F.3d 1282, 1289-90 (10th Cir. 2000). The court owes "considerable deference to the jury's verdict." *Id*. (citing *United States v. Mullins*, 613 F.3d 1276, 1280 (10th Cir. 2010).

Of course, "if the evidence does no more than raise a mere suspicion of guilt or requires piling inference upon inference to conclude the defendant is guilty," the court will grant the

motion for a judgment of acquittal. *Id*. The "evidence, together with the reasonable inferences to be drawn therefrom, must be substantial, but it need not conclusively exclude every other reasonable hypothesis and it need not negate all possibilities except guilt." *United States v. Rufai*, 732 F.3d 1175, 1188 (10th Cir. 2013) (citing *United States v. MacKay*, 715 F.3d 807, 812 (10th Cir. 2013).

As the Government correctly points out, the Defendant's present motion fails to mention evidence presented at trial that was not favorable to him. D.P. testified about the ways that the Defendant sexually abused her. She testified that the things the Defendant did to her body were not hallucinations. D.P.'s mother testified about the change in D.P.'s demeanor after she spent time with the Defendant. The SANE exam nurse testified about D.P.'s disclosure of the sexual abuse by her stepfather. The Government more thoroughly referenced all of this evidence, as well as other testimony, on pages one through five of its response.

Most notably, as argued by the Government, the Defendant's motion did not mention any of his own statements made to Officer Sands, including that he got into tickling matches with D.P., that she came on to him, that he told her he just wanted to be her daddy, and that he regretted letting it go as far as it did. There was substantial evidence from which a rational trier of fact could have found the essential elements of each of the crimes beyond a reasonable doubt. The motion for judgment of acquittal notwithstanding the guilty verdicts, therefore, is denied.

**Motion for New Trial**

Rule 33 permits a defendant to file a motion for new trial "grounded on any reason other than newly discovered evidence," within fourteen days after a guilty verdict, which the Defendant has done by the instant motion. Fed. R. Crim. P. 33(b)(2). The court then may vacate the guilty verdict and grant a new trial if the interest of justice so requires. Fed. R. Crim. P.

33(a). The court has discretion in ruling on the motion and may weigh the evidence and assess witness credibility. *United States v. Quintanilla*, 193 F.3d 1139, 1146 (10th Cir. 1999). Nevertheless, "[a] motion for a new trial is not regarded with favor and is only issued with great caution." *United States. v. Herrera,* 481 F.3d 1266, 1269-70 (10th Cir. 2007).

1. Rule 412 Evidence

Rule 412(a) prohibits the use of: "(1) evidence offered to prove that a victim engaged in other sexual behavior; or (2) evidence offered to prove a victim's sexual predisposition." Fed.R.Evid. 412(a). In a pretrial ruling in this case, the court precluded the introduction of four YouTube clips made by D.P. that were sexual in nature. *Docket No. 65*. The court held that the clips fell squarely within the confines of Rule 412 because despite the Defendant's arguments to the contrary, the court agreed with the Government that the clips would be offered as evidence of D.P.'s sexual predisposition.

The court further found that none of the exceptions found in Rule 412(b)(1) applied, including that exclusion of the evidence would not violate the Defendant's constitutional rights. *See United States v. A.S.*, 939 F.3d 1063, 1073 (10th Cir. 2019) ("the class of cases in which evidence otherwise barred by the rape shield statute has been deemed to be constitutionally compelled is restricted to those which demonstrate a theory of witness bias or motive to lie.") (citation omitted). Finally, the court found that to the extent the videos were relevant, their probative value was substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury.

Throughout trial, defense counsel made it known that they vehemently disagreed with the court's order. In fact, during witness examination, defense counsel asked for a momentary pause, then walked back to counsel table and, loudly enough for the court and likely the jury to

hear, admonished his co-counsel to find a way to get those videos in. Moreover, as the Government points out, throughout trial, defense counsel effectively circumvented the court's ruling by referring to and asking questions about D.P.'s interest in anime, the fact that anime can be sexual in nature, and D.P.'s YouTube videos. *Docket No. 141, at 48-51, 94-95, 99, and 103*. While the jury did not see the videos, the jury heard about D.P.'s interest in anime, the fact that anime can be sexual in nature, and the existence of her possibly-sexual-in-nature anime and video content. Defense counsel achieved their goal of showing that D.P. may have interest in sex, even as they argue that "[t]here was no way to use the videos to improperly show that D.P. consented to sexual activity with Sean, because she is a child and there is no issue of consent in this case."

The defense also argues that the YouTube videos are "fiction" and, without any citation to authority, that the rape shield laws do not protect fiction. This is somewhat perplexing, given that fiction can be used as evidence of the possible sexual predisposition of its author. Moreover, the court remains unconvinced by defense counsel's argument that that the evidence was intended to show that D.P. "is a talented storyteller who, a year prior to this outcry, told fictional accounts of sexual behavior with elements of the story reflected in a later outcry" and counsel's characterization of it as a "foreshadowing." While D.P. made the videos before she disclosed the sexual abuse, the alleged sexual abuse began years before she made these videos. She alleged that the abuse began when she was six or seven years old. Had the videos been admitted, the Government likely would have argued that to the extent there were similarities between the content and D.P.'s allegations of sexual abuse, the videos themselves were D.P.'s first outcry. "Moreover, impeaching the victim's truthfulness and showing her capability to fabricate a story 'are not recognized exceptions to Rule 412.'" *United States v. Withorn*, 204 F.3d 790, 795 (8th

Cir. 2000) (citation omitted). The YouTube videos were offered as evidence of D.P.'s sexual predisposition and were properly excluded. The Defendant is not entitled to a new trial on this basis.

2. Tyler Sands Testimony

The Defendant argues that Officer Tyler Sands testified as both a fact and an expert witness. Tyler Sands did not testify as an expert. His testimony was limited to his training, experience, and his observations in this case. *Docket No. 141, at 63-120*. The Defendant is not entitled to a new trial on this basis.

3. Government's Closing Argument

During closing arguments, the Government's counsel referred to the written statement of the emergency room physician that was not admitted into evidence. *Docket No. 143, at 52*. Counsel did not refer to the contents of the written statement. *Id*. Defense counsel immediately objected, and the court sustained the objection and instructed the jury to "ignore those last comments." *Id*. The Government's counsel shortly thereafter included in their closing that "[o]bviously, we as lawyers, make mistakes," and "it's up to you determine what evidence was presented and what of that evidence that you want to believe." *Id*. at 53-54. Additionally, included in its standard jury instructions, the court instructed the jury that "[t]he lawyers' statements and arguments are not evidence." *Docket No. 136, at 9*. These instructions cured any prejudice that may have been caused by the Government's mistake in closing arguments. The Defendant is not entitled to a new trial in this case, as the interest of justice does not so require. The motion for new trial, therefore, is denied.

**Conclusion**

For the reasons stated above, the Defendant's post-conviction motion for judgment of acquittal notwithstanding the verdict pursuant to Federal Rule of Criminal Procedure 29, or in the alternative, motion for new trial pursuant to Federal Rule of Criminal Procedure 33 [Docket No. 144] is hereby DENIED.

**IT IS SO ORDERED** this 6th day of June, 2023.

_____
THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA